**In re MOUNT VERNON PLAZA COMMUNITY URBAN REDEVELOPMENT CORPORATION I, Joint administration with Mount Vernon Plaza Community Urban Redevelopment Corporation II, Mount Vernon Plaza Community Urban Redevelopment Corporation III, Bryden Road Plaza, Inc., Debtors.**

Bankruptcy Nos. 2–86–03789, 2–86–03790, 2–86–03791 and 2–86–03788.

United States Bankruptcy Court, S.D. Ohio, E.D.

Aug. 19, 1987.

See also, Bkrtcy., 79 B.R. 306.

Alec Wightman, Baker & Hostetler, Columbus, Ohio, Fred J. Milligan, Jr., Westerville, Ohio, for Adrian Co.

Grady L. Pettigrew, Jr., Arter & Hadden, Columbus, Ohio, for Flowers.

James H. Banks, Columbus, Ohio, for Bell.

Janice Franke, Legal Aid Society, Columbus, Ohio, for Tenants.

Jerry Grier, Columbus, Ohio, for HUD.

Joseph C. Winner, Murphy, Young & Smith, Columbus, Ohio, for Creditors Committee.

ORDER GRANTING MOTION FOR DETERMINATION THAT MODIFICATIONS OF PLAN DO NOT REQUIRE ACCEPTANCE AND THAT DISCLOSURE STATEMENT CONTAINS ADEQUATE INFORMATION

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon a motion filed by Adrian, Inc. (orally amended in open court to be The Adrian Company), seeking a determination by this Court that recent modifications to a plan of reorganization proposed jointly by The Adrian Company and the Flowers faction of the boards of trustees of the above-captioned debtors do not require either the circulation of a modified disclosure statement or new opportunities for voting by creditors. The motion was supported orally by all parties in interest at the time of the hearing on confirmation with the exception of the Bell faction of the boards of trustees of these debtor corporations. For reasons stated below, the Court grants the motion.

On April 20, 1987, The Adrian Company filed a plan of reorganization for the Chapter 11 cases of Mt. Vernon Plaza Community Urban Redevelopment Corporations I, II and Bryden Road Plaza, Inc. (the "Plan"). A disclosure statement was filed with the Plan and was later modified in response to an order of this Court. On July 10, 1987, the Court approved that modified disclo-

sure statement as containing adequate information, pursuant to 11 U.S.C. § 1125, so that a hypothetical reasonable investor typical of holders of claims or interests of the relevant classes could make an informed judgment about the Plan and the treatment proposed for the claims of parties in interest. 11 U.S.C. § 1125.

On August 7, 1987, The Adrian Company modified the Plan to which the approved disclosure statement related. Those modifications include the addition of the Flowers faction as a co-proponent, the inclusion of Mount Vernon Plaza Community Urban Redevelopment Corporation III as part of the Plan, an increase in the administrative expense claims proposed to be paid at the closing of the contemplated sale of the debtors' assets, a time limitation for objections to claims, a provision for annual payments against the notes to be held by the debtors, the assumption and rejection of executory contracts and unexpired leases, and miscellaneous provisions of a more technical nature. One proposed modification, adding a paragraph 8 to Article V of the Plan setting forth the effect of confirmation upon certain liens and claims, was orally deleted at the time of the hearing. None of the changes negatively affects the repayment of creditors, the length of the Plan, or the protected property interests of parties in interest.

Taken as a whole, the Court finds that the proposed modifications do not adversely change the treatment of the claim of any creditor under the Plan. Accordingly, such modifications do not require circulation of a further modified disclosure statement. All creditors previously accepting the plan are, therefore, deemed to have accepted the plan as now modified. Bankruptcy Rule 3019. Consistent with those findings, the motion of The Adrian Company is hereby granted.

IT IS SO ORDERED.